## English v. Commonwealth.

(Decided November 16, 1926.)

### Appeal from Bourbon Circuit Court.

1. Criminal Law.—Unless conviction for first offense is under the Rash-Gullion Act, second conviction for unlawfull possession or sale of intoxicating liquor under section 2 does not carry with it a penitentiary sentence.

2. Indictment and Information.—Indictment for second offense under Rash-Gullion Act, section 2, not averring that first offense of which defendant was convicted occurred since taking effect of the act, held insufficient to charge felony.

3. Criminal Law.—Where indictment for second offense under Rash-Gullion Act, section 2, failed to charge a felony, but sufficiently charged a misdemeanor, submitting felony charge thereunder to jury held error.

4. Criminal Law.—Where instructions following indictment insufficient to charge felony were erroneous, defendant can take advantage of court's failure to properly instruct, although she failed to object.

5. Criminal Law.—Where indictment under Rash-Gullion Act, section 2, was insufficient to charge felony, defendant can take advantage of it on appeal, although no objection thereto was made.

FRED A. VAUGHAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Annie English, was convicted in the Bourbon circuit court on an indictment accusing her of a second offense of having liquor in possession, and given a three-year term in the state penitentiary. Of this she complains and asks a reversal of the judgment. From the record it appears that she is an unfortunate, friendless old woman, addicted to the use of narcotics, and very poor. When the case was called for trial she had no

counsel although it was a felony charge. The record does not disclose why she had no counsel, but it was perhaps because she was unable to pay. So far as the record shows the attention of the court was not specially called to the fact that she had no counsel, and there is nothing in the record to show that she requested the appointment of counsel. However, we have held in the case of Turner v. Commonwealth, 89 Ky. 81, that the court should appoint counsel where its attention is called to the fact that a defendant in a felony case is without counsel unless the defendant for some reason does not desire the appointment of counsel. In the case of Williams v. Commonwealth, 33 Ky. Law Rep. 330, we reversed the judgment of conviction because the court failed to appoint counsel for the defendant, who was young and ignorant and unable to employ counsel, although no request was made by the defendant. 16 C. J. 820-22; Ann. Cas. 1913C 732; 8 R. C. L. 84.

There was no objection by appellant to any evidence offered by the Commonwealth and no exceptions saved to any ruling of the court upon the evidence. The instructions of the court to the jury were not objected to, nor was there a demurrer to the indictment. In fact, the poor woman, ignorant of all rights, saved none of the questions which counsel, learned in the law, would have carefully preserved. The indictment, which accused her of the unlawful possession of intoxicating liquor on the 12th of November, 1924, is good for a misdemeanor but does not sufficiently charge facts to show her guilty of a felony under section 2 of the Rash-Gullion Act, now section 2554a-5, Kentucky Statutes. That act makes it unlawful to have in possession spirituous, vinous, malt or intoxicating liquors except for certain purposes, and provides a jail sentence and fine for the first offense, but for the second offense the punishment is fixed at not less than one year nor more than three years in the penitentiary. However, the act says: "On a first conviction for a violation of any provision of this act" the punishment shall be a jail sentence and a fine. It then says: "Upon a second conviction of this act . . . the defendant . . . if person, shall be confined in the penitentiary for not less than one nor more than three years." The conviction must be for a violation of the provisions of the act of 1922, and unless so, a second conviction for the unlaw-

ful possession of liquor or the unlawful sale of liquor does not carry with it punishment by confinement in the state penitentiary. The indictment in the instant case accuses Annie English of the unlawful possession of liquor on the 12th of November, 1924, and then adds: "The grand jury further charges that said Annie English was, in the month of May, 1923, in the Bourbon county court, convicted of the offense of having in possession spirituous liquors, and was further, at the November term, 1923, of the Bourbon circuit court, convicted of the offense of transporting spirituous liquor, and said judgments were not appealed from and were rendered before the commission of the offense herein complained of," but there is no averment that the unlawful possession of intoxicating liquors, of which appellant was convicted in 1923, occurred since the taking effect of the act of 1922, and if the possession of the liquor did not take place since the effective date of the act of 1922, then it does not afford a basis for a felony charge under the act. The same is true of the charge of conviction at the November term, 1923, of the Bourbon circuit court of the offense of unlawfully transporting spirituous liquors. The indictment does aver that the judgments were rendered before the commission of the offense charged against appellant as on November 12, 1924, but fails to aver that the offense was actually committed since the effective date of the act of 1922 and before the commission of the second offense, for which reason it is fatally defective as a felony indictment. The court should not, therefore, have submitted to the jury the felony charge against appellant and should have submitted merely the misdemeanor which was properly charged in the indictment. As the instructions follow the indictment they were also erroneous, and while appellant failed to object to them she can nevertheless take advantage of the failure of the court to properly instruct the jury as well as of the want of sufficient averment in the indictment to accuse appellant of a felony. In the case of Buckles v. Commonwealth, 113 Ky. 795, 68 S. W. 1084, the court failed to properly instruct the jury, and we held that the rule, which requires a defendant in a criminal case to object and except to proceedings had on a trial if he would take advantage of them on appeal, does not apply to instructions given by the court to the jury, it being the duty of the trial court to give the whole law of the case in a criminal prosecu-

tion, whether requested to do so or not. Brown v. Commonwealth, 117 Ky. 767; Cheek v. Commonwealth, 162 Ky. 56; King v. Commonwealth, 187 Ky. 782.

Certainly the appellant could not be convicted of an offense greater than that charged in the indictment, and it was error on the part of the court to submit to the jury an offense greater than that alleged in the indictment, although there was an unsuccessful attempt to charge a felony. For the reasons indicated the judgment is reversed for new trial consistent herewith.

Judgment reversed.