## Grogan v. Commonwealth.

(Decided November 22, 1927.)

### Appeal from Calloway Circuit Court.

1. Criminal Law.—Court is not generally required to assign counsel to accused unless he requests it and shows financial inability to employ counsel or lacks sufficient mental capacity to conduct defense or to understand its nature.

2. Intoxicating Liquors.—Affidavit for search warrant, stating facts ordinarily calculated to induce in mind of reasonable person belief that intoxicating liquors were unlawfully possessed on premises proposed to be searched, held sufficient, since it was not based on mere information and belief.

3. Searches and Seizures.—In prosecution for violation of Prohibition Law, description in search warrant of premises to be searched as "the house now used and occupied by J. G. as a residence, and the outbuildings and premises adjacent thereto (said residence is situated in Murray, Ky., east of the N. C. & St. L. R. R., north of Main St., near Lon McGeehee County, Kentucky)," held sufficient as enabling person of ordinary intelligence to identify premises intended to be searched.

4. Searches and Seizures.—Description in search warrant of premises as being in well-known town is sufficient without addition of county in which town is located.

5. Criminal Law.—Order in which evidence may be introduced is matter addressed to sound discretion of trial court, and judgment will be reversed for departure from usual procedure in introduction of evidence only in rare cases.

6. Criminal Law.—In prosecution for second violation of Prohibition Act (Laws 1922, c. 33), action of court in permitting record

of defendant's prior conviction to be read to jury after commonwealth had closed case in chief and defendant had testified held not abuse of discretion, where record as first introduced in evidence was incomplete because not showing disposition of appeal from judgment of inferior court.

JOE H. WEAKS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming

John Grogan appeals from a judgment convicting him of a second violation of the Prohibition Act (Laws 1922, c. 33) and fixing his punishment at two years' imprisonment in the state penitentiary.

Briefly stated, the facts are these: R. B. Parker, a deputy policeman, was standing near Grogan's house. He met a man in a car who stopped at Grogan's. Grogan came out to the car, and the man went into the house. Grogan went out through his yard into an adjoining lot covered with weeds. The man left in a few minutes. Witness then went to the weeds and picked up a quart of whisky. There was a path leading from Grogan's house to the weeds. About the same time Flem Hayes, the city marshal, went into Grogan's residence and found some bottles, two or three of which contained a small quantity of whisky. Grogan denied that he went to the weeds and got any whisky, and also denied that any liquor was found in his house. Joe Guthrie, a witness for appellant, testified that he and not appellant placed the whisky in the weeds.

It appears from the record that Grogan conducted his own defense, and it is insisted that the court erred in not appointing counsel to defend him. Usually the court is not required to assign counsel to the accused unless he requests it and shows that he is financially unable to employ counsel. But, where accused has not sufficient mental capacity to conduct the defense himself, or to understand its nature, it is the duty of the court to see that he is properly represented. 16 C. J. 822; Williams v. Commonwealth, 110 S. W. 339, 33 Ky. Law Rep. 330. The record is silent as to what occurred when appellant undertook to conduct his own defense. For aught that appears in the record, he may have stated that he did not desire counsel. He displayed considerable ability

in interrogating the witnesses, and there is no showing whatever that he was so mentally deficient or so ignorant of his rights as to require the interposition of the court in his behalf. In the absence of such a showing, or of a request for counsel, we cannot say that the court erred in not appointing counsel.

The affidavit for the search warrant was clearly sufficient. It was not based on mere information and belief, but stated facts ordinarily calculated to induce in the mind of a reasonable person the belief that intoxicating liquors were unlawfully possessed on the premises proposed to be searched. Wagner v. Commonwealth, 199 Ky. 821, 251 S. W. 1021.

There is no merit in the contention that the search warrant was defective in that it did not sufficiently describe the premises or give the county in which they were located. The description is:

> "The house now used and occupied by John Grogan as a residence, and the outbuildings and premises adjacent thereto (said residence is situated in Murray, Ky., east of the N. C. & St. L. R. R., north of Main St., near Lon McGeehee, County, Kentucky)."

Any person of ordinary intelligence could take the warrant and easily identify the premises intended to be searched. Describing the premises as being in a well-known town is sufficient without the addition of the county in which the town is located.

Another insistence is that the court erred in permitting the record of appellant's prior conviction to be read to the jury after the Commonwealth had closed in chief and appellant had testified. It appears that the Commonwealth first introduced in evidence the record of an inferior court showing appellant's prior conviction, but also showing that an appeal had been prosecuted from the judgment. When this situation was called to the attention of the trial court, he permitted the record in the circuit court to which the appeal was prosecuted to be read. Ordinarily, the order in which evidence may be introduced is a matter that addresses itself to the sound discretion of the trial court, and only in rare cases will a judgment be reversed because of a departure from the usual procedure in the introduction of evidence. In this case there was no abuse of discretion.

We have examined with care the other errors relied on, but do not find them of sufficient importance to merit discussion.

Judgment affirmed.