## Gholson v. Commonwealth.

June 25, 1948.

H. C. Kennedy for appellant.

A. E. Funk, Attorney General, and W. C. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In May, 1947, Ward Gholson, age 22, was indicted in Pulaski County for carrying a concealed pistol. When Gholson was brought to trial in September, 1947, without being represented by counsel, he entered a plea of guilty and his punishment was fixed at two years in prison. In his motion and grounds for a new trial, which were overruled, Gholson set forth that he was a resident of Wayne County, a county adjoining Pulaski; he was practically a stranger in that county; when his prosecution was called for trial he was not advised as to what his legal rights were in the premises; he was without money with which to employ counsel; the court did not assign counsel to defend him; he was searched unlawfully by two Pulaski County deputy sheriffs because they had no search warrant; he had committed no offense in their presence; and he is not legally guilty of the offense with which he was charged. This appeal is based upon the contention that the trial court should have granted Gholson a new trial.

No evidence was introduced. The motion and grounds for a new trial were based upon Gholson's affidavit and that of Judge Roscoe Tartar, who presided over Gholson's examining trial as Judge of the Pulaski County Court. Judge Tartar's affidavit set forth that the two deputy sheriffs stated they searched Gholson and

were about to relinquish the search when they concluded to search his boot; they found a revolver in his boot; and they made no claim that Gholson attempted to injure or hurt either of them in any way. The Commonwealth offered no counter affidavits; therefore, we must take the record as it stands. From it we are justified in assuming that Gholson was searched illegally because the officers had no search warrant; no offense had been committed in their presence; and from Judge Tartar's statement the officers had virtually abandoned the search when they decided to look in Gholson's boot for a pistol.

In recent cases we have held that a trial court is under no duty or obligation to assign counsel to a defendant where he fails to make a request therefor. Hamlin v. Commonwealth, 287 Ky. 22, 152 S. W. 2d 297; Moore v. Commonwealth, 298 Ky. 14, 181 S. W. 2d 413. A contrary view was expressed, however, in English v. Commonwealth, 216 Ky. 608, 288 S. W. 320, wherein it was said that a trial court should appoint counsel where its attention is called to the fact that the defendant is not represented by counsel, unless the defendant for some reason does not desire the appointment of counsel. In support of that proposition the case of Turner v. Commonwealth, 89 Ky. 78, 1 S. W. 475, 476, is cited in the English opinion. In the Turner case a motion was made to have the case redocketed after the defendant had served some 11 years in the penitentiary under a life sentence conviction for murder. In overruling the motion to redocket it was pointed out that, since the right of appeal in a criminal case is not a constitutional one, the accused must conform to the rules prescribed by law for the bringing of his case to the appellate court. During the course of the opinion it was said: "* * * A suggestion that the prisoner is without counsel, or unable to employ one, would require the interposition of the court in his behalf; but after the lapse of so many years, although confined within the walls of a prison, it would be a dangerous precedent to entertain such motions, or to rehear cases by reason of the neglect of counsel, or the want of ability on the part of the condemned to make an employment."

In the case of Holland v. Commonwealth, 241 Ky. 813, 45 S. W. 2d 476, 477, which is cited in the Hamlin case, it is said: "* * * Although it is true that the Con--

stitution guarantees to the accused in all criminal prosecutions the right to be heard by himself and counsel, it is not the duty of the court to assign counsel to the accused unless he requests it, and shows that he is financially unable to employ counsel, or lacks sufficient mental capacity to conduct the defense, or to understand its nature. Grogan v. Commonwealth, 222 Ky. 484, 1 S. W. 2d 779.''

The Hamlin case was cited with approval in the Moore case, supra, but the accused, who had pleaded guilty, was granted a new trial. During the course of the opinion in the Moore case it was said that, since the accused was young and inexperienced in legal matters and court proceedings and was tried in the absence of any member of his family or friends and without the assistance of counsel, it was the duty of the court to protect his rights with respect to the admission of only competent evidence and non-prejudicial statements of the commonwealth's attorney. It was also pointed out in that opinion that it is the duty of the trial court to see that an accused has a fair trial. We held that the admission of prejudicial evidence and improper arguments of the commonwealth's attorney were prejudicial to the substantial rights of the accused and he was granted a new trial.

In the Hamlin case the accused insisted upon appeal that he had requested the trial court to appoint counsel for him and a motion in that respect was overruled, to which he took exception. The bill of exceptions showed that the motion and grounds for a new trial contained this complaint and that the accused filed his affidavit in support thereof. However, the authenticity of the statements set forth in the affidavit was not asserted in the bill of exceptions. There was no certification that the questions toward which complaint was directed occurred on or before the trial of the case. Several cases were cited in support of the proposition that such a presentation of a case is insufficient for consideration on appeal. It is set forth further in the Hamlin opinion that it is now the established rule that as a prerequisite to our right to determine whether the denial of a motion was prejudicial it is necessary that the lower court or bystanders certify to us in the bill of exceptions the fact that the motion was made and overruled, and that

the complaining party at the time excepted to the ruling of the court.

With the exception of the case of Holland v. Commonwealth, supra, only civil cases were cited in support of the views expressed in the Hamlin case. Generally speaking, unless otherwise provided by law, rules of procedure applying to civil cases apply as well to criminal cases. We find no fault with the views expressed in the Hamlin opinion as a general proposition; however, in the case at bar, we are dealing with a sacred and constitutional right of one accused of a felony; namely, the right to be given a fair and impartial trial before a jury composed of his peers. Furthermore, an accused has a right under Section 11 of the Constitution to be heard by himself and counsel. It is true that the right to be represented by counsel may be waived by an accused, but the waiver must be made "intelligently, competently, understandingly and voluntarily." See Bute v. People of Illinois, 333 U. S. 640, 68 S. Ct. 763, 765, 92 L. Ed. 735, and cases cited therein.

A review of the Bute case and the recent case of Wade v. Mayo, 68 S. Ct. 1270, will show that the Supreme Court has been called upon on many occasions in recent years, principally in habeas corpus proceedings, to determine whether an accused had a fair and impartial trial. The question of representation of an accused by counsel has arisen in several instances. A distinction has been drawn in the past between the right to be represented by counsel in capital and non-capital offenses. The Wade case, supra, involved a non-capital offense, and both the majority and dissenting opinions deal principally with Wade's right to have his case reviewed by the Supreme Court; but, as will be noted hereinafter, one phase of his case has a bearing upon the case at bar.

In the cases of Watson v. State, 142 Fla. 218, 194 So. 640, and Johnson v. State, 148 Fla. 510, 4 So. 2d 671, it was held that under Florida law a trial court has no duty to appoint counsel to represent an accused in a non-capital case. Wade's request to be represented by counsel was denied by the trial judge. It appears, however, that Wade, who was 18 years of age, participated in the trial after the selection of the jury. His case was not appealed, but, subsequently, he sought a writ of

habeas corpus in the Florida court in which he was tried and convicted. The writ was denied and he appealed to the Florida Supreme Court, which also denied the writ. Wade was represented by counsel in the habeas corpus proceedings. No effort was made by him to secure a writ of certiorari from the Supreme Court of the United States. Later Wade sought a writ of habeas corpus in the United States District Court for the Southern District of Florida. In granting the writ the trial judge said: "The Court has heard the evidence of the respective parties and the argument of their counsel. It appears that petitioner, at the time of his trial in the Criminal Court of Record of Palm Beach, Florida, was eighteen years old, and though not wholly a stranger to the Court Room, having been convicted of prior offenses, was still an inexperienced youth unfamiliar with Court procedure, and not capable of adequately representing himself. It is admitted by the Judge who presided at petitioner's trial on March 6, 1945, that petitioner in open Court, before trial commenced, requested said Judge to appoint counsel for him, but the request was denied and petitioner placed on trial without counsel. * * * The denial of petitioner's request in the circumstances here involved constitutes a denial of due process, contrary to the 14th Amendment of the Federal Constitution, which renders void the judgment and commitment under which petitioner is held. * * *"

The ruling of the District Court was reversed in the Fifth Circuit Court of Appeals. 158 F. 2d 614. In reversing the ruling of the Circuit Court of Appeals the Supreme Court said (68 S. Ct. 1276):

"We are not disposed to disagree with the findings and conclusion of the District Court. Its determination was a purely factual one to the effect that Wade was an inexperienced youth incapable of adequately representing himself even in a trial which apparently involved no complicated legal questions. This is a judgment which is peculiarly within the province of the trier of facts, based upon personal observation of Wade. And we do not find that the District Court's determination was clearly erroneous.

"There are some individuals who, by reason of age, ignorance or mental capacity, are incapable of repre-

senting themselves adequately in a prosecution of a relatively simple nature. This incapacity is purely personal and can be determined only by an examination and observation of the individual. Where such incapacity is present, the refusal to appoint counsel is a denial of due process of law under the Fourteenth Amendment.

"The Circuit Court of Appeals was therefore in error in reversing the District Court's judgment. It was also in error in assuming that the failure to appoint counsel in a non-capital case in a state court is a denial of due process under the Fourteenth Amendment only if the law of the state requires such an appointment. To the extent that there is a constitutional right to counsel in this type of case it stems directly from the Fourteenth Amendment and not from state statutes. Betts v. Brady, 316 U. S. 455, 473, 62 S. Ct. 1252, 1261, 86 L. Ed. 1595."

We have no statute dealing with the appointment of counsel for an accused in a felony case, regardless of whether it be a capital offense or a non-capital one. The Court as now constituted is in accord with the views expressed in the quotation from the majority opinion in the Wade case. In addition to legal rights and guarantees common justice demands that every person accused of a felony be given a fair and impartial trial. This would include the informing of an accused at the beginning of his trial by the judge relative to his legal rights and guarantees; and especially is this true where a plea of guilty is offered and entertained. It is incumbent upon the trial judge to determine whether the waiver of a right to be represented by counsel is made "intelligently, competently, understandingly and voluntarily." In the absence of such a showing, as is revealed by the record in the case at bar, we think the accused should be granted a new trial. The contrary views expressed in the Hamlin and Moore cases, supra, and the cases cited therein, are hereby overruled.

Judgment reversed, with directions to set it aside and for proceedings consistent with this opinion.

Judge Thomas dissenting.