WILLIAMS *v.* STATE.

(*Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

C. FRANK DAVIS, of Morristown, for defendant.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendant, Joe Williams, was convicted for the unlawful possession of liquor, with punishment fixed at a fine of $250 and a 90 day jail sentence. The officers in possession of a search warrant searched the home of the defendant and found four pints of Old Granddad whisky.

The principal assault made upon the search warrant is that the description of the premises to be searched is inadequate. The description commands the search of a residence (in which Joe Williams resides or occupied and is in possession of) located on the Valley Home Road or Fairmont Avenue, and bounded on the North by Reno; East by Mays; South by Street; and West by Fairmont Avenue, in Morristown, Hamblen County.

The evidence shows that the home of the defendant was located on the Valley Home Road and adjoins the properties of Reno and Mays. It also shows that a residence lies between the property of the defendant and Fairmont Avenue and also there was an unnamed street South of the premises of the defendant.

It is insisted by the State that the description might be characterized as the home of the defendant in Morristown, located on Valley Home Road, and adjoining the premises of Reno and Mays. The State concedes that we have no direct holding in this State on this subject, but that the authorities of other jurisdictions are to the effect that such a description is adequate. *Wellman* v. *Commonwealth*, 218 Ky. 807, 292 S. W. 779; *Grogan* v. *Commonwealth*, 222 Ky. 484, 1 S. W. (2d) 779; *Odell* v. *State*, 105 Tex. Cr. R. 646, 290 S. W. 164.

In the last cited case, the description of the property

as the home of the defendant on a certain street in Abilene, Texas, was held sufficient.

■ Of course, the only purpose in requiring a sufficient description in the search warrant is to protect the constitutional rights of the defendants against unreasonable searches and seizures.

■ We think the description above referred to is sufficient, and after all, shows that the place to be searched was where Joe Williams resided, and located on the Valley Home Road or Fairmont Avenue. We are not unmindful of the fact that oftentimes these descriptions are taken from tax books where adjoining owners have changed. We think there is no doubt in the present case but that any reasonable person could take the search warrant as prepared and go immediately to the premises occupied by the defendant without difficulty.

It results that we find no error in the assignments of error and the judgment of the lower court must be affirmed.