Albert NEAL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 10, 1957.

Louise G. Kirtley, Owensboro, for appellant.

Jo M. Ferguson, Atty. Gen., Frankfort, David B. Sebree, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Albert Neal appeals from a judgment of the Butler Circuit Court by which he was sentenced to five years' imprisonment on a charge of child desertion.

The testimony was not reported and we therefore have before us a very meager portion of the evidence, the substance of which is recited in the bill of exceptions.

Appellant was not represented by counsel at the trial. He is, however, ably represented on this appeal and the court's failure to provide counsel at the trial is raised as one of the grounds for reversal.

We find in the record a judgment specifically stating that appellant refused counsel and said he was able to take care of himself. We find the same account of the proceedings in the bill of exceptions certified by the trial judge.

There is nothing contradictory in the record and we must therefore accept as true the statements contained in the judgment and bill of exceptions.

The trial court must provide counsel for one accused of felony unless the right is intelligently, competently, understandingly, and voluntarily waived by the accused. Gholson v. Commonwealth, 308 Ky. 82, 212 S.W.2d 537. When counsel is offered and refused, we will not reverse for want of counsel unless the record on appeal discloses that it was reasonably apparent to the court, before trial, that the waiver did not meet the foregoing standards. The quality of the waiver is not tested by the manner in which the defense is presented or the final results obtained. To hold otherwise the trial court must force unwanted counsel upon the accused to guard against reversible error and retrial.

This court, by its holding in the Gholson case, did not intend to so burden either the accused or trial court. The record in this case does not warrant a complaint for failure to have counsel.

Appellant contends that he should have been granted a new trial on the ground of newly discovered evidence. The record does not disclose that appellant filed his own affidavit or the affidavits of the witnesses providing the new evidence. It is mandatory that both be filed before a new trial can be granted on newly discovered evidence. Hatfield v. Commonwealth, 248 Ky. 342, 58 S.W.2d 634; Grubbs v. Commonwealth, 240 Ky. 473, 42 S.W.2d 702.

All other claims of error in this case may be met in determining whether or not the trial court should have given an instruction bearing on the legitimacy of the children involved.

It is true that the statute under which appellant was convicted, KRS 435.240, according to the decisions of this court, has no application to illegitimate children. Commonwealth v. Ray, 196 Ky. 203, 244 S.W. 415; Hunt v. Commonwealth, Ky., 265 S.W.2d 37. However, when it is alleged, as in this case, that the accused is the father, the presumption is that the children are his legitimate children. Illegitimacy is, in such case, a defense and the burden is on accused to establish it by proof. Gee v. Commonwealth, 263 Ky. 808, 94 S.W.2d 17.

Appellant does not contend that the children are not his. The mother of the children and her relatives swore that she and appellant were married and that he deserted his children. He didn't testify on his own behalf to deny the marriage or the legitimacy of the children, nor did he deny by testimony that he had abandoned them as charged in the indictment. He didn't testify or offer any witness to meet any charge. So far as the record discloses, the only intimation that he and the mother had never married came when he tried to argue with her after she testified to their marriage.

No issue of illegitimacy was raised by the evidence or the pleadings and it was therefore not the duty of the court to instruct on it. Although we hold that the judge must give the whole law in his instructions to the jury in criminal cases, it only applies to issues raised by the evidence and pleadings. Stanley's Instructions to Juries, Sections 760 and 764; Smiley v. Commonwealth, 235 Ky. 735, 32 S.W.2d 51; Soash v. Commonwealth, 4 R. 254; Ratliff v. Commonwealth, 182 Ky. 246, 206 S.W. 497.

The testimony hereinbefore mentioned clearly shows that the evidence was sufficient for submission of the case to the jury and that appellant's claim of insufficiency is without merit.

We find no prejudicial error in the record and the judgment is therefore affirmed.