**Chester BLEVINS, Petitioner,**

v.

**Hon. R. C. TARTAR, Judge of the Rockcastle Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 25, 1957.

Chester Blevins, pro se.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for respondent.

MILLIKEN, Judge.

In an original action in this court, the petitioner, Chester Blevins, who is confined in the state penitentiary at Eddyville after his conviction in the Rockcastle Circuit Court on July 23, 1956, on four counts of storehouse breaking in violation of KRS 433.190, prays this court to direct the respondent, Hon. R. C. Tartar, Judge of the Rockcastle Circuit Court, to supply him, at state expense, with a certified copy of the proccedings leading up to his conviction so that he may prepare a habeas corpus petition for filing in the Lyon Circuit Court.

Under the aforesaid statute a penalty of one to five years in the penitentiary may be imposed for each conviction.

We are not favored with a certified copy of the record of conviction, but the respondent, Hon. R. C. Tartar, states, in a response filed with this proceeding, that Blevins "pleaded guilty to all of the indictments, and the record shows that he was called in open court and asked what his plea was, and after he pleaded guilty, the court admonished him of his rights, and informed him that he had a right to a trial and the court would appoint an attorney to defend him. Then the court placed him under oath, and the court stenographer reported the proceedings, that the court again asked him after he was placed under oath if he still desired to plead guilty; then the court informed him of all of his rights as to a trial and an attorney, and he informed the court that he was guilty, did not desire a trial and wanted no lawyer." Respondent also states that Blevins "was caught with the goods."

In his petition to this court for a mandamus, Blevins denies that he was advised of his constitutional right to be represented by counsel, and says that he was induced to plead guilty because of threats made by law officers of Rockcastle County to take his children away from their mother and place them in an orphans' home unless he pleaded guilty, and that he was tried without being informed of his right to counsel and with no counsel representing him at the trial. Blevins further states that he was given sentences of two years each on three indictments and one year on the other, which were not to run concurrently. He further says that he requested the respondent on May 5, 1957, nearly a year after his conviction, to supply him with a certified record of his conviction in order that he might file a habeas corpus proceeding in the Lyon Circuit Court, and that that request was not acceded to. In addition, Blevins pleads his innocence and that he was denied due process of law.

We have held that the trial court must provide counsel for one accused of a felony unless the right is intelligently, competently, understandingly and voluntarily waived by the accused. Gholson v. Commonwealth, 308 Ky. 82, 212 S.W.2d 537. When counsel is offered and refused, we will not reverse for want of counsel unless the record on appeal discloses that it was reasonably apparent to the court before trial that the waiver did not meet the foregoing standards. Neal v. Commonwealth, Ky., 303 S.W.2d 903. On the record before us, we must assume from the respondent's letter that the proceedings were regular in this respect.

There is no question presented as to the jurisdiction of the Rockcastle Circuit Court to try Blevins on the charges for which he was convicted. As a consequence, the judgment of conviction is not void. While the petition here is a bit more specific than that involved in the case of Moy v. Bradley, Ky., 306 S.W.2d 296, what was said in that opinion is equally applicable here, and the relief prayed for by Blevins is therefore denied.