Alfred SCHNEIDER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 13, 1959.

Rehearing Denied March 11, 1960.

Tom Garrett, Paducah, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Alfred Schneider was convicted of a felony and sentenced to twenty-one years in the penitentiary. He appeals and offers various grounds for reversal. We need to discuss only one.

On the day of trial he discharged his attorneys. For further details we quote from an affidavit of the Commonwealth's Attorney:

"On June 10, 1958, the case was called for trial, the defendant appeared in open court in the presence of one of his attorneys, Hon. A. Roy Copeland, and stated to the Court that his attorneys were trying to force him to plead guilty to a charge of which he was not guilty and he had refused to do so; that as a result of his attorneys' advice that he so plead, he, Schneider, had terminated their services and would defend himself. Whereupon Hon. A. Roy Copeland moved that his name be stricken from the record as attorney for defendant. Said motion was sustained following which defendant Alfred Schneider demanded that his case be tried."

After the quoted incident and before trial, the trial judge did not offer to appoint counsel for him or to inform him of his right to counsel. In Gholson v. Commonwealth, 308 Ky. 82, 212 S.W.2d 537, 540, we said:

" * * * In addition to legal rights and guarantees common justice demands that every person accused of a felony be given a fair and impartial trial. This would include the informing of an accused at the beginning of his trial by the judge relative to his legal rights and guarantees; and especially is this true where a plea of guilty is offered and entertained. It is incumbent upon the trial judge to determine whether the waiver of a right to be represented by counsel is made 'intelligently, competently, understandingly and voluntarily.' In the absence of such a showing, as is revealed by the record in the case at bar, we think the accused should be granted a new trial. * *"

This rule has been followed in the later cases of Neal v. Commonwealth, Ky., 303 S.W.2d 903 and Blevins v. Tartar, Ky., 306 S.W.2d 297, 299. In those cases we held as follows:

"We have held that the trial court must provide counsel for one accused of a felony unless the right is intelligently, competently, understandingly and voluntarily waived by the accused. Gholson v. Commonwealth, 308 Ky. 82, 212 S.W.2d 537. When counsel is offered and refused, we will not

reverse for want of counsel unless the record on appeal discloses that it was reasonably apparent to the court before trial that the waiver did not meet the foregoing standards."

The defendant in this case was fully justified in discharging his counsel, and, being without counsel it was incumbent upon the trial court to offer him counsel. Such offer not being made it was impossible for the defendant to refuse it and waive his right.

The trial court's failure to offer counsel is in violation of Section 11 of our Constitution and constitutes a reversible error.

The judgment is reversed.

STEWART, J., dissents.