VIRGIL NORTON, Plaintiff in Error,

*v.*

STATE, Defendant in Error.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

Rehearing Denied March 10, 1961.

JACK VAUGHN, Jonesboro, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Plaintiff in error Virgil Norton, hereinafter called the defendant, was indicted on 3 separate charges for possessing intoxicating liquor, was convicted on each indictment and was sentenced to serve 6 months in the county workhouse but in 2 of the cases the sentences were suspended during good behavior; he was also fined $150 in each case.

The brief of the Attorney General succinctly states the questions raised as follows:

(1) The evidence preponderates against the verdict and in favor of the innocence of the accused in that the whiskey found by the officers was not in the defendant's

home but hidden some distance therefrom and there was no proof that the whiskey was found in Washington County.

(2) The evidence introduced against the defendant was obtained by an illegal search and the officers searched property outside that described in the search warrant.

(3) No proof was introduced to show that the search warrant was executed by the officers in accordance with Chapter 241, Public Acts of 1959. Sec. 40-518, T.C.A.

(4) The Trial Judge did not instruct the jury relative to the quantum of proof necessary to prove venue, thus omitting instructions relative to one element of the case.

The defendant's home is in the country in Washington County in the First Civil District. April 8, 1960, the officers, acting under a search warrant authorizing a search of defendant's home for intoxicating whiskey, found none in the home, but following a path that led from the back of the home up the hillside a distance of about 50 feet, they found 4 half-gallon jars of white whiskey. The following day in mid-afternoon acting under a similar search warrant, they found 4 more jars of whiskey about 50 feet back of defendant's house; then following a path over the hill about 200 yards they found a distillery. Later that evening acting under a third search warrant similar to the others, they found a gallon of white whiskey 50 to 75 feet from the defendant's house.

The defendant did not take the witness stand in his own behalf. There was no direct and express evidence as to the location of the property lines of the defendant's property, so that the question of the possession of this whiskey depends upon circumstantial evidence. As to

venue, however, there was testimony by a magistrate who was a defense witness that he lived in the First Civil District of Washington County, that his property was adjacent to defendant's and that the defendant lived in the First Civil District of Washington County.

Referring to the question of the validity of the search warrant under proposition 2 supra, the language of the first warrant is as follows:

"Travelling south on highway 107 in direction of Tulscom College to Mt. Carmel Church, turn left at first road, proceed to first house on right said house being a 4 or 5 room house being residence of Virgil Norton".

The third warrant is practically the same as the second and reads as follows:

"Travelling in direction of Tulcom on highway 107 proceed to Mt. Carmel Church, turn left on Painter Springs Road, proceed to first house on right said house being 3 or 4 rooms being residence of Virgil Norton."

All three of these warrants stated that the property was in the First District of Washington County.

We think this description of the location of the property to be searched was sufficient. See *Hicks v. State,* 194 Tenn. 351, 250 S.W.2d 559, and *Williams v. State,* 196 Tenn. 630, 270 S.W.2d 184.

With reference to the complaint that these officers searched the property outside the premises described in the search warrant, it would make no difference that they did, if the jury was warranted in believing that the whis-

key found was in the possession of the defendant. If the land on which this whiskey was found was not possessed as a part of the curtilage or used in the daily operation of defendant's premises, the constitutional provision, Art. I, Sec. 7, would have no application and hence defendant could not complain of a search without a warrant. *Welch v. State,* 154 Tenn. 60, 289 S.W. 510; *Peters v. State,* 187 Tenn. 455, 215 S.W.2d 822.

■ However, under the authority of *Brewer v. State,* 187 Tenn. 396, 215 S.W.2d 798, we think the jury was warranted in believing that this whiskey did belong to the defendant; it is true that there was no fence surrounding the property to include this area within 50 to 75 feet of the residence, but there was likewise no evidence that there were any paths leading from any other direction to this property other than the paths leading from the defendant's house, nor was there any evidence of any fence between the house and the location of where this whiskey was found. Thus we think the first complaint also is answered.

■ Referring to the third complaint to the effect that the search warrant was not executed in accordance with the recently enacted statute T.C.A. sec. 40-518 (Exhibit A to this opinion), it is obvious from an examination of this statute that it does not change the existing law as to how the search warrant shall be served; the language of the Act is ''The original search warrant shall be served and returned as provided by law''.

In *Garrett v. State,* 194 Tenn. 124, 126, 250 S.W.2d 43, the rule in this State is set out as being that we have no statute requiring the officer to exhibit or reveal the search warrant at the time of search.

The recollection of the officer who handled these warrants was not very good as to details and his testimony as well as two other officers who accompanied him is somewhat vague as to how those warrants were executed. He did testify, however, that he delivered the warrants either to the defendant or to his wife and that there was one time when the defendant was not present at first but came in later and unlocked the door of the house for them to enter; there was also some confusion in this officer's testimony about whether defendant was in jail at one time when a search was made. We think, however, that it was a matter for the jury to resolve from this testimony whether the warrants were served on someone who was in apparent possession of the house, and there is no evidence offered in behalf of defendant to the contrary.

The fourth complaint is predicated on the erroneous argument of counsel for defendant that venue is an ingredient of a criminal offense. Venue is not an element of the offense and need be proved only by a preponderance of the evidence. *Hopson v. State,* 201 Tenn. 337, 299 S.W.2d 11.

Therefore, it was not error for the court to fail to charge the jury to this effect.

All assignments are overruled and the judgments below are affirmed.

### Exhibit A

*"Chapter 241, Public Acts of 1959.*

"An Act to require magistrates, clerks of courts, judges, and others issuing search warrants to prepare an original and two exact copies, make certain endorsements thereon and retain one

copy as an official record; to require the officer serving and returning the original to leave a copy with the person served; to make the copies admissable in evidence in the courts and to invalidate searches where there is a failure to carry out the provisions of this Chapter.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That all magistrates, clerks of courts, judges and any other person or persons whomsoever issuing search warrants shall prepare an original and two exact copies of same, one of which shall be kept by him as a part of his official records, and one of which shall be left with the person or persons on whom said warrant is served. The original search warrants shall be served and returned as provided by law. The person or persons as aforesaid who issue said warrants shall endorse the warrants showing the hour, date, and the name of the officer to whom the warrants were delivered for execution, and the exact copy of such warrant and the endorsement thereon, shall be admissible in evidence in the Courts.

"Section 2. Beit further enacted, That failure to comply with Section 1 hereof shall make any search conducted under said warrant an illegal search and seizure.

"Section 3. Be it further enacted, That this Act shall take effect from and after its passage, the public welfare requiring it.

"Passed: March 13, 1959.

"Wm. D. Baird,
"Speaker of the Senate.

"James L. Bomar
"Speaker of the House of Representatives.

"Approved: March 20, 1959.

"Buford Ellington, Governor."

On Petition to Rehear

The petition to rehear presents no matter that was overlooked or not considered by the Court when the original opinion was prepared. We think that counsel is mistaken in his assertion that the Court misconstrued the record. See page 5 thereof, testimony of witness Tom Bacon.

Accordingly the same is overruled.