Charles TANNER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 20, 1964.

E. Lawson King, Lexington, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

In the Fayette Circuit Court, Charles Tanner was convicted of armed robbery and sentenced to life imprisonment. He appeals on the ground that he was not mentally competent to waive intelligently and understandingly the right to counsel.

Appellant admits at two places in his brief that he chose to conduct his own defense and refused the services of a court appointed attorney. At the commencement of the trial, the court stated:

"The defendant has chosen to represent himself although the Court had previously appointed Mr. Lawson King as his attorney. Charles, listen to the Clerk. He is reading the indictment to you. Mr. Filer, read the indictment. He pleads not guilty to the charge."

A similar statement was made during a hearing in chambers:

"THE COURT: Let it be shown that at the beginning of the trial the Court inquired of the defendant if he had counsel and that the defendant stated that he couldn't secure counsel that he wanted a Mr. Percy Foreman, and at the same time the Court recollected that the Court had previously appointed Lawson King, a regular practicing attorney of the Fayette County Bar, to represent the defendant, and the defendant stated to the Court that he did not desire to be represented by counsel but instead would represent himself."

The Statement of Trial and Verdict also recited that appellant had elected to represent himself. The only issue raised concerns the validity of the waiver of counsel.

The only evidence of mental incompetency introduced at the trial was a letter from the Chief of Staff of Eastern State Hospital and appellant's own testimony that he had been diagnosed as "paranoic schizophrenic." The letter introduced read:

"Patient was hospitalized here on a 35-day court order from November 26, 1962 to December 22, 1962, when he escaped. His evaluation here confirms that of the Milledgeville, Georgia State Hospital from which he recently escaped. The diagnosis given is Sociopathic Personality Disturbance, Antisocial Reaction. He is not psychotic. A release from his commitment is requested.

"We believe this man has a tendency to evade justice by feigning mental illness in order to get admitted to mental hospitals from which he is then able to escape. If he is taken into custody again, admission to Eastern State Hospital should be avoided. One of our staff physicians could examine him in jail, and if it appeared that further evaluation would be indicated he should be sent directly to the maximum security unit at Central State Hospital, Louisville, Kentucky.

"Sincerely

E. W. Plucknett, M. D.

Chief of Staff."

No psychiatrist or other medical expert testified.

Midway through the trial the court retired to chambers with appellant and the commonwealth's attorney. During this hearing the attorney previously appointed to defend appellant was called and questioned by the court. The attorney testified that he had been prepared to represent appellant but that the latter had refused his services because he wanted a lawyer from Texas.

 It is the court's duty to investigate the waiver of a right to counsel in order to determine if it is made intelligently, competently, understandingly and voluntarily. Gholson v. Commonwealth, 308 Ky. 82, 212

S.W.2d 537. The extent of the investigation depends upon the cirumstances of the case. See Von Moltke v. Gillies, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309. This court will not reverse for want of counsel unless it appears in the record on appeal that the waiver did not meet the standards stated above. Neal v. Commonwealth, Ky., 303 S.W.2d 903, 904.

■ The record in this case discloses that this question was considered by the trial court in its hearing midway through the trial and in the motion for a new trial. The record also shows that the court adequately investigated the waiver.

Judgment affirmed.