PETERS *v.* STATE.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

LYLE BURROW, of Bristol, for plaintiff in error.

J MALCOLM SHULL, Assistant Attorney-General for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Defendant, Robert Peters, was convicted of the unlawful possession of 57½ gallons of whisky and his punishment fixed at a fine of $275 and a jail sentence of 60 days.

Defendant attacks the search warrant on the ground that the millshed was approximately 220 feet from the residence and across a public road. The search warrant reads in part as follows: "A white frame dwelling house on the Ruthton Road 2 3/10 miles from the tunnel of the South Holston Dam, and being the first dwelling house on the left side of said road going up the river from the tunnel and being what is known as the home of Robert Peters, including all of the buildings, outhouses and vehicles found thereon, . . . "

The officers found the whisky in the millshed which was locked, but defendant gave them a key to the lock. After the whisky was found, defendant admitted that it belonged to him. This evidence was admitted, over ob-

jection, on the ground that the search warrant did not authorize a search of the millshed which was approximately 220 feet from the residence and across a public road. The evidence offered on behalf of defendant was that only the smokehouse was within the fence which inclosed the dwelling. The springhouse, garage, shop, woodshed, crib and barn were across a public highway intersecting the public road above referred to. '

We think the search warrant authorized the officers to search the millshed in question. We have expressly held that the word "possessions," as used in our Constitution, art. 1, sec. 7, includes more than the "curtilage." It includes buildings in daily use in connection with and as a necessary part of farming operations. *Welch* v. *State*, 154 Tenn. 60, 289 S. W. 510. Further, a search warrant directing a search of the principal building authorizes the search of an outhouse clearly appurtenant to and a part of the same premises. *Seals* v. *State*, 157 Tenn. 538, 11 S. W. (2) 879. In that case the warrant did not direct the search of outhouses while in the instant case it did. See *Lawson* v. *State*, 176 Tenn. 457, 143 S. W. (2d) 716; 47 Am. Jur., Searches and Seizures, sec. 36.

The next objection is that the trial judge was in error in not granting defendant's motion to fix his punishment both as to fine and imprisonment as provided by Chapter 82, Acts of 1947. Defendant did not make this motion until after the jury was sworn and before any evidence was introduced. The trial judge had promulgated a rule in such cases requiring such motions to be made in writing and filed with the clerk of the court before the jury is sworn to try the issues. The assistant attorney general states in his brief that the State sees

no reason why the demand would not be seasonable, if made at any time before the charge is delivered to the jury. To this we agree. See *Vinson* v. *State*, 140 Tenn. 70, 203 S. W. 338. Chapter 82, Acts of 1947, was evidently passed for the benefit of the defendant in such cases, and under the language of the statute we cannot say that the defendant cannot make this motion any time before the case is given to the jury. This being true, the trial judge was without authority to impose the jail sentence, as we hold that under Chapter 82, Acts of 1947, the request was seasonably made.

As modified, the judgment of the lower court is affirmed.

All concur.