COTTEN *v.* STATE.

(*Nashville*, December Term, 1948.)

Opinion filed June 18, 1949.

HILLDROP & MAYFIELD, Nashville, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

Mr. Justice Tomlinson delivered the opinion of the Court.

█ Judgment of the lower court in this case was affirmed on April 30, 1949 without considering the merits of the one assignment of error. We were compelled to take this action because it did not affirmatively appear that the bill of exceptions had ever been filed.

It is now properly made to appear that the bill of exceptions was filed within the proper time and that the failure to so indicate upon the record was by an inadvertence of the Circuit Court Clerk. Accordingly, we are now empowered to consider the assignment of error made in support of the appeal, as prayed by the petition to rehear.

Plaintiff in error, a young man who seems to be somewhat physically afflicted, was convicted of driving a car while under the influence of an intoxicant. When the Court had completed its charge to the jury, the attorney for Cotten requested the Court to direct the jury to fix the punishment within statutory limits as to the term of imprisonment, if any, as well as the amount of the fine, in the event it found the defendant guilty. The Trial Judge declined to so instruct the jury on the ground that the request should have been made before the jury was charged. Cotten excepted to this action of the Court. The jury fixed the fine at $50 and the Court added a workhouse sentence of thirty days.

The action of the Trial Judge in declining to permit the jury to determine whether a workhouse sentence should be imposed upon the defendant, in the event he was found guilty, and the amount thereof is assigned as error.

■ By Chapter 82 of the Public Acts of 1947 it is provided that upon demand of defendant ''seasonably'' made the jury shall assess the punishment both as to fine and imprisonment in cases of this character. Therefore, the question here is whether the demand made for the ·first time after the Court had completed its charge to the jury was ''seasonably'' made.

In *Peters* v. *State,* 187 Tenn. 455, 215 S. W. (2d) 822, 823, it was held that the demand before the introduction of evidence was seasonably made. In *Brewer* v. *State,* 187 Tenn. 396, 215 S. W. (2d) 798, 799, it was held that such demand made before the Court charges the jury is ''seasonably'' made, there being no rule of the Court on the minutes requiring the demand to be made prior to that time.

In *Vinson* v. *State,* 140 Tenn. 70, 203 S. W. 338, 339, the indictment charged the commission of a certain offense. The proof introduced by the State tended to show the commission of three such acts within the statutory period. After the opening argument for the State had been made, the defendant moved that the State be required to elect the act for which it would seek a conviction. This was refused on the ground that the motion came too late. This was held to be error; and in so holding it was said that the defendant might make the demand at any time ''before the case is submitted to the jury''.

By virtue of that statement in *Vinson* v. *State, supra,* this Court in *Peters* v. *State, supra* [215 S. W. (2d) 823], said that ''we cannot say that the defendant cannot make this motion any time before the case is given to the jury'', referring to a motion to allow the jury to determine and fix the time of imprisonment, if any.

It does not appear that there was any rule of the court below as to the time when the motion now under consideration must be made. In the absence of such a rule on the minutes, and in view of the above quoted statements of this Court in *Vinson* v. *State*, and *Peters* v. *State, supra*, we are constrained to hold that the Trial Judge should have granted the motion of the defendant, Cotten.

Accordingly, the petition to rehear is granted, and the judgment of the Trial Court is modified by eliminating the prison sentence. As so modified, that judgment is affirmed.