NOEL CHICO, SAMMY KEATTS, WILLIE FOX and
WILLIAM KEATTS, Plaintiffs in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

394 S.W.2d 648.

(*Nashville*, December Term, 1964.)

Opinion filed October 8, 1965.

JAMES C. CUNNINGHAM, Clarksville, for plaintiffs in error.

GEORGE F. MCCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

The plaintiffs in error, defendants below, were indicted for the larceny of an automobile and after being tried upon pleas of not guilty, were convicted of petit larceny and sentenced to serve eleven months and twenty-nine days each in the Stewart County Jail. In the trial they were represented by Howell & Howell, Attorneys, but in the motion for a new trial they were represented by W. R. Fain, Jr., Attorney, now deceased. The motions for a new trial being overruled, the defendants perfected their appeal to this Court and their assignments of error are:

(1) The trial court erred in not granting the defendants' motion for a new trial because there was no evidence to support the verdict and the evidence preponderates against the verdict, and in favor of the defendants; (2) The trial court erred in not granting the defendants' motion for a new trial as no copy of the search warrant was left with the person on whom it was served, as required under T.C.A. sec. 40-518, nor with the defendant who was in jail, thereby rendering the search and seizure illegal under the Constitution of Tennessee, and making the evidence arising out of the illegal search inadmissible; and (3) The trial court erred in not granting the defendants' motion for a new trial as the information upon which the search warrant was issued was insuffi-

cient, and from an undisclosed source, thereby rendering the search and seizure illegal under the Constitution of Tennessee, and making the evidence arising out of the illegal search inadmissible.

Counsel representing the plaintiffs in error here in his usual commendable fashion says that the defendants

* * * are aware that there is material evidence upon which the jury could base its verdict, if such evidence were legally obtained and admissible against the defendants.

These plaintiffs in error, however, contend that most of the material evidence presented to the jury arose out of the illegal search and seizure of the property of Willie Fox, one of the defendants, thus making the evidence obtained thereby excludable under Article 1, Section 7 of the Constitution of Tennessee, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

Before passing upon the assignments we relate the facts as shown by the narrative bill of exceptions filed here, and as indicated above, there is no substantial controversy about the facts.

Paul Keatts, the prosecutor, testified that on March 28, 1964, at about 10:00 o'clock, P.M., he parked his 1962 Ford automobile in front of his home, located on Old Highway #79, near Dover, Stewart County, Tennessee, and went into his home and while he was there his car was stolen. Prior to the time that he parked his automobile he had been in the home of his brother, with his mother, and as they left the brother's home they drove on Old Highway #79 and a 1956 Chevrolet followed him

until he reached his home. Several boys were in this Chevrolet automobile. While he was in his home for a period of a few minutes, his car was stolen, and he estimated that not more than eight or ten minutes had elapsed from the time he left his car and went inside the house until he discovered his car had been stolen. He did not see it until the following day and upon examination he found that the car had been stripped of parts having a value of about $180.00. He described the parts and identified them. He also identified his pocket knife which had been taken from the car. He also, on the same day, examined Sammy Keatts' car and found a scarf which had belonged to his girl friend and a flashlight which belonged to him and which had been in his car at the time it was stolen.

Sheriff Lloyd Miles found the stolen car within about two hours after it had been taken and it had been stripped of tires and parts.

Within about three hours after the car was stolen the Sheriff and a Deputy Sheriff by the name of Bagwell, met the four plaintiffs in error, defendants below, and a juvenile, Jerry Keatts, on Highway #79, and they were traveling at a high rate of speed in a 1956 Chevrolet automobile. The five boys were dirty and their hands were greasy.

Thereafter the Sheriff received information that the parts taken from the Keatts car were at the home of the defendant, Willie Fox, who at that time was in jail. The Sheriff obtained a search warrant and went to the Fox home with Patrolman Charlton, and Dover Town Marshal, Hester. They found nothing in the house or inside the enclosed area, but they did find the parts in a honey-

suckle patch some distance back of the house, outside the enclosure around the house. These parts were identified by Mr. Keatts as those taken off his car. There were six tires, a carburetor, battery and coil, hubcaps, and a distributor.

The defendant Chico confessed to Trooper Charlton that he was one of the participants in the theft of the car and also helped in stripping the vehicle. He said that all four defendants and the juvenile, Jerry Keatts, were along. However, the court instructed the jury that the confession could not be considered as evidence against the other defendants since it was made out of the presence of the others. Chico had in his possession a knife which Mr. Keatts identified as being his and as having been in his automobile at the time it was stolen.

Defendants Sammy Keatts and William Keatts testified in their own behalf and admitted they were riding around most of the evening of the theft with the other defendants and that the Defendant Fox joined them later in the night. They, however, denied stealing the car.

It is well settled in this State that the verdict of the jury, when approved by the trial judge, erases the presumption of innocence and establishes a presumption of guilt. All conflicts in the testimony and credibility of the witnesses have been settled by the verdict and this Court is not permitted to reverse a conviction unless the evidence clearly preponderates against the verdict of the jury and the judgment of the court. *McBee v. State,* 213 Tenn. 15, 372 S.W.2d 173 (1964).

The assignment as to the sufficiency of the evidence is overruled because the evidence clearly preponderates

in favor of the correctness of the verdict and against the innocence of the plaintiffs in error.

The two remaining assignments concern the validity of the search warrant used to search the home of the defendant Fox. The proof shows that the tires, the carburetor, the battery and coil, the hubcaps and the distributor, referred to by the prosecutor Keatts as being stolen from his car, were found in a honeysuckle thicket some thirty or forty yards from defendant's house and not within the enclosure surrounding the house.

■ The law is settled that when the land on which the evidence is found is not possessed as a part of the curtilage or used in the daily operation of the premises, then the constitutional provision against unreasonable searches and seizures does not apply. *Norton v. State,* 207 Tenn. 656, 660, 343 S.W.2d 361 (1960); *Welch v. State,* 154 Tenn. 60, 289 S.W. 510 (1926); *Peters v. State,* 187 Tenn. 455, 215 S.W.2d 822 (1948).

■ The defendant Fox complained about the validity and sufficiency of the warrant, but even if his assignments were valid they would apply only to him and not to the remaining defendants. There is no proof in the record that the honeysuckle thicket where the stolen articles were found was used in the daily operations of the defendant's premises. The defendant Fox did not testify.

■ The search warrant is evidence, and like any other evidence, it has to be a part of the bill of exceptions and identified by the trial judge before it can be considered by this Court. It is nothing more than an exhibit and as such it has to be identified and authenticated by the signature of the trial judge. The search warrant

26

in this case is not a part of the bill of exceptions; it appears only on page 2 of the technical record. The bill of exceptions containing 27 pages was authenticated by the signature of the trial judge on the 2nd day of April, 1965, and filed on the same date. It contains the usual statement that: "This was all of the evidence introduced before the Court and the Jury on the trial of this case."

In the case of *Fine v. State,* 183 Tenn 117, 191 S.W.2d 173 (1945). Mr. Chief Justice Green, in preparing an opinion for the Court, held that an alleged defective search warrant which did not appear in the bill of exceptions and was not authenticated by the trial judge could not be examined. He held this to be correct even though a paper purporting to be the search warrant was included in the "transcript." This case held that since a search warrant is treated as evidence, it was reviewable only as a part of the bill of exceptions or only if properly authenticated by the trial judge.

The holding in *Fine v. State,* supra, has not been modified and remains the law of this State, which we are bound to observe.

There are several other cases to the same effect and they hold that in order to make extraneous matters a part of the record, they must be examined by the trial judge and authenticated by his signature in such manner as to make their identity certain. Parts of a bill of exceptions may be in the form of exhibits to be inserted in their proper place, according to the directions given therein; but all of the bill of exceptions, whether in one or more documents, must be present and examined when it is signed by the judge, and the several papers to be copied must be so marked as exhibits that no mistake in their identity can be made, and it must not be left to the

clerk, or any other person, to determine what constitutes any part of the record.

■ Also, if any intrinsic matters which can only be made part of the record by bill of exceptions appear in the transcript without proper authentication, they cannot be considered by the Court. In support of these two statements the following cases are cited: *Battier v. State,* 114 Tenn. 563, 86 S.W. 711 (1904); *Railway & Light Co. v. Marlin,* 117 Tenn. 698, 99 S.W. 367 (1906); *Wynne v. Edwards,* 26 Tenn. 418; *Ivy v. Bain,* 2 Tenn.Civ.App. 626; *Cosmopolitan Life Insurance Co. v. Woodward,* 7 Tenn.App. 394 (1928); *Hayes & Chunn v. Holland,* 11 Tenn.App. 490 (1930); *Frierson v. Smithson,* 21 Tenn. App. 591, 113 S.W.2d 778 (1937).

Again, in the case of *Cosmopolitan Life Insurance Co. v. Woodward,* supra, it was held in order to make exhibits a part of the bill of exceptions it must affirmatively appear that they were authenticated as such by the trial judge and filed with the clerk within the prescribed period.

For the reasons appearing herein, all of the assignments are overruled and the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.