# JAMES E. SIMPSON, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. Nov. 8, 1968.

Rehearing Denied Dec. 5, 1968.

Certiorari Denied by Supreme Court Feb. 17, 1969.

James W. Rutherford, Nashville, for plaintiff in error.

George F. McCanless, Atty. Gen., Nashville, C. Hayes Cooney, Asst. Atty. Gen., Nashville, John J. Hollins and Robert S. Brandt, Asst. Dist. Attys. Gen., Nashville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant below, James E. Simpson, appeals in error from his conviction of murder in the second degree

and sentence to ten to fifteen years in the penitentiary.

He contends first that the evidence preponderates against his guilt and in favor of his innocence.

On March 1, 1967, at 4:00 or 4:45 P.M., the defendant entered a Nashville beer tavern known as Betty's Place. He passed a front booth in which the deceased and Gerald B. Youngblood were drinking beer. Luther McLendon was seated with them, but he does not drink. The defendant and deceased were friends so far as the record shows.

The waitress refused to serve the defendant any beer, and he remained at a back booth for about fifteen minutes. He then approached the front booth and sat down with the other three. He then pulled a pistol from his pocket and asked the deceased, "Do you believe I'll blow your brains out?" The deceased replied, "No." The defendant thereupon promptly shot him in the face below the left eye. The defendant turned the gun on Youngblood and asked him, "Do you believe I'll blow your brains out?" Youngblood answered, "Yes, I sho' do." The defendant told him, "I'm going to let you live." He held the gun on Youngblood for a minute or two and then ordered beer from the waitress. She served him this time.

The defendant would not allow anyone to call an ambulance or the police, but after ten to twenty minutes he himself called the police. When the officer arrived, he found the deceased in the booth and asked waitress who had shot him. The defendant spoke up, "I did," and reached for his pocket. The officer disarmed him.

The defendant told the officer that he was reaching to give him the gun.

The defendant testified that he had been drinking both whiskey and beer heavily that day. He says that he does not remember leaving a liquor store, and that he last remembers being in a bus station. He had a memory lapse or blackout and next recalls being booked at the police station. He says he does not remember shooting the deceased or holding the gun on Youngblood. He bought the pistol that day from a man in a tavern and planned to take it to his wife in Birmingham. He had borrowed $100 from his sister to visit his wife. His sister, a registered nurse, says he has blackouts. Dr. T. E. Simpkins testified that the defendant had apparently had an epileptic seizure at an earlier hearing of this case, and that he was disoriented at that time.

The fact of killing with a deadly weapon raises a presumption of malice and justifies a finding of murder in the absence of facts or circumstances rebutting the presumption. The State's proof made out a case of killing with malice aforethought and murder in the second degree. Neely v. State, 210 Tenn. 52, 356 S.W.2d 401; Lewis v. State, 202 Tenn. 328, 304 S.W.2d 332.

The defendant had been drinking extensively that day, but voluntary drunkenness is no defense to a charge of second degree murder. In Bostick v. State, 210 Tenn. 620, 360 S.W.2d 472, the Court said:

"It is true the killing occurred after the parties had been upon a continuous and prolonged drunk; but it is well settled that voluntary drunkenness is no

mitigation of crime, except where a specific intent, or deliberation and premeditation is an essential ingredient of the offense; and such drunkenness is no excuse or defense to a finding of murder in the second degree or lesser included offenses."

■ The defendant has not carried the burden of showing that the evidence preponderates against the verdict of guilty and in favor of his innocence which he is required to do on appeal. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Schweitzer v. State, 217 Tenn. 569, 399 S.W.2d 743.

The defendant assigns as error the failure of the trial judge to give his special request:

"I further charge you that if you find from all the proof that the defendant did not know what he was doing at the time of the alleged killing, he is not guilty in that event of any crime, for the law requires in order to convict of any crime that the defendant was in possession of his faculties."

■ An accused is entitled to an affirmative instruction upon every issue raised by the evidence. This does not require the court to instruct on matters not raised by the evidence. There is no testimony of the physician in regard to the defendant's mental condition at the time of the occurrence, and there is nothing to show that he did not know right from wrong.

In considering the effect of amnesia or the inability to remember, our Supreme Court said, in Lester v. State, 212 Tenn. 338, 370 S.W.2d 405:

" * * * This proposition was in effect answered

by this Court in Thomas v. State, 201 Tenn. 645, 301 S.W.2d 358, and this Court in that case, the opinion written by former Chief Justice Neil, said:

> " '* * * amnesia, in and of itself, is no defense to a criminal charge unless it is shown by competent evidence that the accused "did not know the nature and quality of his act and that it was wrong." '

"The Court likewise approved a statement from a medical text, as follows:

> " 'Failure to remember later, when accused, is in itself no proof of the mental condition when crime was performed.' "

■ We think this requested charge was properly refused. The trial judge gave instructions on drunkenness and the factual issues presented to the jury.

■ ■ In the absence of the jury, the defendant offered to introduce the record of his arrests for drunkenness. The trial judge held this evidence inadmissible and suggested that the defendant read it into the record. No objection was made to the ruling. At defense counsel's request, the Court agreed that he could submit a photostatic copy of the arrest record. The bill of exceptions does not contain this evidence. The defendant testified before the jury on his direct examination that he had been arrested for vagrancy and drinking several times. Since the arrest record is not a part of the record, we cannot consider it. Chico v. State, 217 Tenn. 19, 394 S.W.2d 648. Furthermore, we also think that this ruling was not prejudicial to the defendant.

All assignments are overruled, and the judgment of the trial court is affirmed.

GALBREATH, J., did not participate in the consideration or decision in this case.

OLIVER, J., concurs.

## ON PETITION TO REHEAR

WALKER, Judge.

A petition to rehear has been filed in this case. No new authority is adduced. The issue discussed in it was fully dealt with in the original opinion of the Court, to which we adhere.

The petition to rehear is denied.