Gerald Lamar WILSON, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

July 30, 1986.

Permission to Appeal Denied by Supreme Court Nov. 3, 1986.

Edward B. Johnson, Somerville, for appellant.

W.J. Michael Cody, Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, Paul G. Summers, Dist. Atty. Gen., J. Kerry Blackwood, Asst. Dist. Atty. Gen., Somerville, for appellee.

## OPINION

SCOTT, Judge.

The appellant and a co-defendant were convicted of the armed robbery of the Hornsby Branch of the Bank of Bolivar. The appellant received a sentence of thirty years in the state penitentiary. On appeal to this Court his conviction was affirmed. *State of Tennessee v. Harold Tucker Matlock and Gerald Lamar Wilson,* Tennessee Criminal Appeals, opinion filed at Jackson, December 27, 1984.

A few weeks after the opinion affirming the conviction was filed, the appellant filed his "petition for writ of habeas corpus or in the alternative for post-conviction relief."

He alleged ineffective assistance of counsel and various evidentiary errors. Counsel was appointed to represent him. Orders directing his return from the penitentiary to Fayette County for the hearing and orders directing his return to the penitentiary after the hearing are included in the record. The record also contains the court's judgment reciting that a hearing was held on the petition. However, the record contains no transcript of that hearing.

The judgment states that the trial court found that "the allegation of ineffective assistance of counsel is not well taken." The order also stated that "the Petition is well taken as to the question of inclusion of the search warrant in the record on appeal." The decretal portion of the order granted "a delayed appeal on the question of suppression of the search warrant," ordered the Circuit Court Clerk to certify the search warrant as part of the technical record, and dismissed the remainder of the post-conviction relief petition.

On direct appeal, the appellant's counsel raised the issue of the validity of the search warrant. However, these issues were not considered by this Court, since the copy of the search warrant was merely attached to the appellant's brief. Therefore, this Court held that the warrant was not properly before this Court. *Stiller v. State*, 516 S.W.2d 617, 622 (Tenn.1974).

In this appeal the appellant has argued the merits of the issue concerning the failure of the trial judge to suppress the evidence seized pursuant to the search warrant. In its brief and at oral argument, the state has contended that there is no basis for a delayed appeal in this case, since the trial judge did not find any constitutional deprivation. At oral argument, defense counsel countered the state's argument with his theory that the trial judge found, by implication, that counsel was ineffective by failing to insure that the search warrant was in the record. However, this argument is specious, at best, since the trial judge specifically found that counsel was not ineffective.

The state is correct in its contention. When the trial judge conducting a post-conviction relief hearing finds that the petitioner was denied his right to appeal his original conviction, in violation of the United States Constitution or the Tennessee Constitution, he can grant a delayed appeal. TCA § 40–30–120(a)(1).

While we have no transcript of the post-conviction relief proceeding, the order granting the delayed appeal shows on its face that there was no finding of any deprivation of any of the appellant's rights under either constitution. Thus, as the state asserts, this is not a proper matter for post-conviction relief.

Furthermore, even if this were a proper matter for post-conviction relief, the search warrant is still not properly before this Court. As ordered by the trial judge, a copy of the search warrant is inserted in the portion of the transcript which was formerly known as the "technical record."

In order to make extraneous matters a part of the record, they must be examined by the trial judge and authenticated by his signature in such manner as to make their identity certain. It must not be left to the clerk or any other person to determine what constitutes any part of the record. It is the trial judge who must determine whether an exhibit is part of the record. *Chico v. State*, 217 Tenn. 19, 394 S.W.2d 648, 651 (1965). Although *Chico* predates the Tennessee Rules of Appellate Procedure, those rules have not diminished the trial judge's responsibilities in regard to the record. While the rules allow the forwarding of the record without the approval of the trial judge, in the event he fails to do so, the Rules still require that "(t)he trial judge *shall* approve the transcript or statement of the evidence and *shall* authenticate the exhibits as soon as practicable after the filing thereof." Rule 24(f), T.R.A.P. (emphasis added) Furthermore, if any matter which was properly includable is omitted from the record, is improperly included, or is misstated in the record, the record may be corrected or modified to conform to the truth. It is the responsibility of the trial judge to settle

any differences regarding the accuracy of the record and, absent extraordinary circumstances, the trial judge's determination concerning the record is conclusive. Rule 24(e), T.R.A.P.

■ The photocopy of the search warrant found in the technical record bears only a sticker, apparently placed there by the court reporter, designating it as "Exhibit A" in this case, and bearing the date of April 25, 1985. That is not sufficient to get the search warrant before this Court.

A review of the transcript of the hearing on the motion to suppress explains why the search warrant never reached this Court on direct appeal. At the hearing on that motion no proof was heard. Defense counsel argued the various deficiencies that he perceived in the search warrant. The prosecutor responded. Then the trial judge stated: "Let me see that search warrant, please sir." The record reflected that the court reviewed the search warrant and then announced "(t)he motion to suppress the search warrant will be denied."

Thus, the search warrant was never placed in the record in the original proceeding and it has not yet been properly placed in the record for appellate review. Therefore, there is simply nothing for this Court to review concerning the search warrant.

■■ Harmless error analysis applies to virtually all trial errors except the denial of counsel and the partiality of the adjudicator. Where a reviewing court finds that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment will be affirmed, even in spite of errors of constitutional dimension. *Rose v.*

*Clark,* —— U.S. ——, ——, 106 S.Ct. 3101, 3107, 92 L.Ed.2d 460 (1986). Therefore, if there was anything for us to review, we would find that any deficiencies in the search warrant were harmless beyond a reasonable doubt.

■ The search warrant, under the authority of which the appellant's motel room in Henry County was searched, was obtained after the appellant's arrest, which occurred three days after the bank robbery. At the time of his arrest the appellant had a twenty dollar bill which was part of the "bait money" from the bank. In addition to that, the trial record contains some of the clearest bank camera photographs this Court has ever seen. It is even possible to read the denominations of the bills as they are being handed by one robber to the other. When shown the photographs, even the appellant admitted that the photographs of him were strikingly good. Thus, even if this Court found that the admission of the fruits of the search conducted pursuant to the warrant was error, it would be harmless beyond any doubt.

The judgment granting the delayed appeal is reversed and the post-conviction relief proceeding is, in all things, dismissed.

DUNCAN and TATUM, JJ., concur.