IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 4, 2001 Session

**STATE OF TENNESSEE v. JEFFERY BOWERS**

**Appeal from the Circuit Court for Fayette County**
**No. 5029     Jon Kerry Blackwood, Judge**

---

**No. W2001-01374-CCA-R3-CD  - Filed January 8, 2002**

---

The Defendant, Jeffery Bowers, was convicted of speeding in the Circuit Court of Fayette County. He now appeals to this Court alleging that his conviction should be reversed due to a conflict of interest in the Somerville City Court.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and DAVID G. HAYES, J., joined.

Jeffery Bowers, Somerville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Elizabeth Rice, District Attorney General; and Thomas M. Minor, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was apparently convicted of speeding in the City Court of Somerville, Tennessee.  He apparently unsuccessfully appealed his conviction to the Circuit Court of Fayette County, Tennessee.  The record in this case is sparse.  There is neither a transcript of an evidentiary hearing nor a statement of evidence.  See Tenn. R. App. P. 24(b),(c).  The technical record contains a copy of a Somerville, Tennessee citation charging the Defendant with speeding: driving seventy-seven miles per hour in a sixty-five mile per hour zone.  Other than the citation and the notices of appeal, the only other document in the technical record is the "Final Order" of the Circuit Court. That order finds that the appeal from the City Court for the City of Somerville, Tennessee is not well taken, and further finds the Defendant guilty of speeding.

It is the duty of the appellant to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis for the appeal.  See Tenn. R. App. P. 24(b); State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987).

When the record is incomplete and does not contain information relevant to a particular issue, this Court may not make a ruling and must presume the correctness of the trial court's ruling. See State v. Gibson, 973 S.W.2d 231, 244 (Tenn. Crim. App. 1997). Appellate courts may only review what is in the record and not what might have been or should have been included. See Dearborne v. State, 575 S.W.2d 259, 264 (Tenn. 1978). Attachments to appellate briefs, which are not a part of the record, do not constitute evidence to be reviewed by this Court. See State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990); Wilson v. State, 724 S.W.2d 766, 768 (Tenn. Crim. App. 1986); Best v. State, 708 S.W.2d 421, 423 (Tenn. Crim. App. 1985); See State v. Melson, 638 S.W.2d 342, 351 (Tenn. 1982).

The Defendant contends that his conviction should be reversed because the City Judge for the City of Somerville, who initially found him to be guilty of speeding, is also the city attorney for the city of Somerville. The Defendant argues that due to this conflict of interest, the judge could not have presided over the Defendant's case impartially.

While we understand the Defendant's concerns that he was dealt with unfairly, we do not have an adequate record before us that would allow a meaningful appellate review. See Tenn. R. App. P. 24 (b). When no evidence is preserved in the record for our review, we are precluded from considering the issues raised. See State v. Ballard, 855 S.W.2d 557, 561 (Tenn. 1993). As we have stated, when the record is inadequate, this Court must presume that the trial judge ruled correctly. This presumption is particularly important in a case like the one before us because the trial judge was in a position to hear evidence of the underlying facts and the alleged conflict of interest and make its ruling based upon the evidence introduced. The Circuit Court found the Defendant's appeal to be without merit, and, without an adequate record, we cannot disturb that ruling.

## CONCLUSION

Accordingly, the judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE