ADOLPHO A. BIRCH, JR., J.,
concurring in part and dissenting in part.
I concur in the conclusion of the majority that Rice’s convictions should be affirmed. As to the sentence of death, however, I respectfully dissent. I continue to adhere to my view that the comparative proportionality review protocol currently embraced by the majority is inadequate to shield defendants from the arbitrary and disproportionate imposition of the death penalty. See State v. Reid, 164 S.W.3d 286, 323-325 (Tenn.2005) (Birch, J., concurring and dissenting), and cases cited therein. Accordingly, I respectfully dissent from that portion of the majority opinion affirming the imposition of the death penalty in this case.

APPENDIX

(Excerpts from the Court of Criminal Appeals’ Decision)
STATE of Tennessee v. Charles RICE.
No. W2002-00471-CCA-R3-DD.
Court of Criminal Appeals of Tennessee, at Jackson.
Feb. 10, 2004 Session.
July 9, 2004.
Direct Appeal from the Criminal Court for Shelby County, No. 01-00035; Joseph B. Dailey, Judge.
Marty B. McAfee and Stephen Leffler, Memphis, Tennessee, for the appellant, Charles Rice.
Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Angele M. Gregory, Assistant Attorney General; William L. Gibbons, District Attorney General, and Amy Weirich and Gerald Harris, Assistant District Attorneys General, for the appellee, State of Tennessee.
ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which, JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.
OPINION
ROBERT W. WEDEMEYER, J.
[Deleted: Introductory Paragraph]
[Deleted: I. Facts]
[Deleted: II. Sufficiency of the Evidence]
[Deleted: III. Right to Cross-Examine for Bias]
[Deleted: IV. Exclusion of Evidence Showing Guilt of Tony Evans]
*682 Y. Impeachment of Defense Witness
The Defendant contends that the trial court erred when it refused to allow him to introduce extrinsic evidence to impeach Stephanie Fitch, a witness called by the defense. The Defendant states he called Fitch, expecting her to establish that she saw the victim around 5:00 p.m. at the New Chicago Store on the day that the victim disappeared. However, Fitch testified at trial that she last saw the victim on the morning of her disappearance. The Defendant then asked Fitch about a statement that she gave to police that she saw the victim at 5:00 p.m., and Fitch denied ever making that statement to police. The Defendant then asked to call Detective Jacobs to testify about taking Fitch’s statement and the substance of that statement. The trial court denied the request, and the Defendant contends that this ruling was in error.
The admissibility, relevancy, and competency of evidence are matters entrusted to the sound discretion of the trial court. With that principle in mind, we review the trial court’s evidentiary rulings for abuse of discretion. See State v. DuBose, 953 S.W.2d 649, 652 (Tenn.1997); State v. Gray, 960 S.W.2d 598, 606 (Tenn.Crim.App.1997).
The credibility of a witness may be attacked by any party, including the party calling the witness. Tenn. R. Evid. 607; Cohen, supra § 607[2] at 6-55. Prior inconsistent statements may be used to impeach the credibility of a witness. Tenn. R. Evid. 613; Cohen, supra, § 613[2][a] at 6-131. The prior inconsistent statement is “admissible to impeach but is not admissible as substantive evidence unless some other evidence rule would admit it.” Cohen, supra, § 6.13[2][b] at 6-131. Tennessee Rule of Evidence 613 permits counsel to introduce extrinsic proof of a prior inconsistent statement if certain circumstances exist. The proper foundation for admission of extrinsic evidence of a prior inconsistent statement is to: (1) provide the witness an opportunity to admit, deny, or explain the prior inconsistent statement; (2) refresh the witness’ memory; and (3) allow the witness to respond intelligently to the impeachment attempt. See State v. Martin, 964 S.W.2d 564, 567-68 (Tenn.1998); State v. Gregory Dunnorm, No. E2001-00566-CCA-R3-CD, 2002 WL 1298770, at *9 (Tenn.Crim.App., at Knoxville, June 12, 2002), no perm. app. filed; State v. Orlando Crayton, No. W2000-00213-CCA-R3-CD, 2001 WL 720612, at *5 (Tenn.Crim.App., at Jackson, June 27, 2001), no perm. app. filed. The admissibility of the extrinsic evidence is contingent upon whether the witness admits or denies having made the prior inconsistent statement, Martin, 964 S.W.2d at 567, and may be used to impeach the credibility of a witness who denies or cannot remember having made a prior statement. State v. Jones, 15 S.W.3d 880, 891 (Tenn.Crim.App.1999). The extrinsic proof may be the written or recorded prior statement itself or the testimony of another witness as to the content of the prior oral statement. Cohen, supra, § 613[5][a] at 6-139.
In the case under submission, the Defendant called Fitch expecting that she would testify that she saw the victim at 5:00 p.m. on the day that the victim disappeared. When testifying, Fitch stated that the last time that she saw the victim was the morning of the day that the victim disappeared. The Defendant asked Fitch about a prior inconsistent statement that she made to Detective Jacobs that she saw the victim at 5:00 p.m. Fitch denied ever making this statement. The Defendant then sought to call Detective Jacobs to testify about the prior inconsistent statement, and the trial court denied this re *683 quest. The State concedes the error and we agree. Thus, we hold that the trial court abused its discretion when it denied the admission of Detective Jacobs’ testimony as extrinsic evidence of Fitch’s prior inconsistent statement. The Defendant laid the proper foundation for the admission of the extrinsic evidence, and the failure to admit this testimony was in violation of the evidentiary rules.
“A violation of an evidentiary rule may not mandate reversal if the error ‘was more probably than not harmless.’ ” Martin, 964 S.W.2d at 568 (quoting United States v. Barrett, 708 F.2d 1076, 1081-82 (9th Cir.1983)). This Court has said that “harmless error analysis applies to virtually all trial errors except the denial of counsel and the partiality of the adjudicator.” Wilson v. State, 724 S.W.2d 766, 769 (Tenn.Crim.App.1986). Pursuant to Tennessee Rule of Criminal Procedure 52(a), “[n]o judgment of conviction shall be reversed on appeal except for errors which affirmatively appear to have affected the result of the trial on its merits.”
The State contends that this error was harmless. While we have decided that the trial court abused its discretion, we conclude that this error was more probably than not harmless. First, we note that the jury would have been instructed that the admission of Fitch’s prior inconsistent statement could be considered as proof of her lack of credibility, but not as substantive evidence. Because Fitch was a defense witness, her lack of credibility does not affect the State’s case, but further damages the Defendant’s defense. . Additionally, in light of the Defendant’s statements to police and the weight of the other evidence presented at trial, we conclude that the trial court’s error was harmless.
[Deleted: YI. Defendant’s Exclusion from Defense Table]
[Deleted: VIL Instruction on Lesser Included Offense of Facilitation]
VIII. Failure to Instruct as to Knowingly and Recklessly
The Defendant contends that the trial court improperly instructed the jury on the essential elements of murder in the perpetration of a rape. The Defendant asserts that the trial court instructed the jury that an element of this crime was that the Defendant acted “intentionally, knowingly or recklessly,” but then only defined “intentionally” and failed to define “knowingly or recklessly.” A criminal defendant has a constitutional right to a correct and complete charge of the law. State v. Teel, 793 S.W.2d 236, 249 (Tenn.1990), superced-ed by statute as stated in State v. Reid, 91 S.W.3d 247 (Tenn.2002). When reviewing jury instructions on appeal to determine whether they are erroneous, this Court should review the charge in its entirety and read it as a whole. State v. Hodges, 944 S.W.2d 346, 352 (Tenn.1997). A jury instruction is to be considered prejudicially erroneous only if it fails to fairly submit the legal issues or if it misleads the jury as to the applicable law. Id.
The State correctly contends that the Defendant waived this issue by failing to object to the jury instruction at trial and by failing to raise the issue in his motion for new trial. See Tenn. R.App. P. 3; Tenn. R.Crim. P. 30(a)(b); State v. Cravens, 764 S.W.2d 754, 756 (Tenn.1989). The trial court gave the following instruction on felony murder:
Any person who commits first-degree murder is guilty of a crime. For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the *684 following essential elements: that the defendant unlawfully killed the alleged victim; and that the killing was committed in the perpetration of or the attempt to perpetrate the alleged Rape; that is, that the killing was closely connected to the alleged Rape and was not a separate, distinct and independent event; and that the defendant intended to commit the alleged Rape. The definition of Rape shall be defined to you later in this charge. “Intentionally” means that the person acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person’s conscious objective or desire to engage in the conduct or cause the result.
[[Image here]]
Any person who commits the offense of rape is guilty of a crime. For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following essential elements: that the defendant had unlawful sexual penetration of the alleged victim or the alleged victim had unlawful sexual penetration of the defendant; and that force or coercion was used to accomplish the act; or that the sexual penetration was accomplished without the consent of the alleged victim and the defendant knew, or had reason to know, at the time of the penetration that the alleged victim did not consent; or that the defendant accomplished sexual penetration by fraud; and that the defendant acted either intentionally, knowingly or recklessly.
The trial court correctly instructed the jury that in order to be convicted of felony murder, the Defendant must have “intended to commit the alleged rape.” The trial court then defined “intentionally” before setting forth the elements of rape. There is no culpable mental state required for felony murder, other than the intent to commit the underlying felony. See Tenn. Code Ann. § 39-13-202(b). “Intentional” is the highest, most demanding mental state and encompasses both “knowing” and “reckless.” See Tenn.Code Ann. § 39-11-301(a)(2). Thus, the jury was, in essence, instructed that it must be the Defendant’s “conscious objective or desire” to commit the rape in order to be convicted of felony murder. The trial court did not err in failing to define “knowingly” and “recklessly” as a part of the mens rea of the underlying felony of rape.
IX. Constitutionality of Tennessee Death Penalty Scheme
The Defendant raises several challenges to the constitutionality of Tennessee’s death penalty provisions, though he “acknowledges that the majority of the issues raised herein have been adversely decided by the Tennessee Supreme Court.” The Defendant contends that the Tennessee death penalty statutes and the imposition of the statutes violate the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article XI, Section 8, of the Tennessee Constitution. Specifically, the Defendant contends the following:
A. Tennessee’s death penalty statutes fail to meaningfully narrow the class of death eligible defendants. Specifically, the statutory aggravating circumstance set forth in Tennessee Code Annotated sections 39-2-203(i)(2), (i)(5), (i)(6), and (i)(7) have been so broadly interpreted whether viewed singly or collectively, that they fail to provide a meaningful basis for narrowing the population of those convicted of first-degree murder to those eligible for the sentence of death. We note that factor (i)(6) does not pertain to this case as it was neither relied upon by the State nor found by the jury. Thus, any individual claim with respect to this factor is without merit.
*685 See, e.g., Hall, 958 S.W.2d at 715; State v. Brimmer, 876 S.W.2d 75, 87 (Tenn.), cert. denied, 513 U.S. 1020, 115 S.Ct. 585, 130 L.Ed.2d 499 (1994). Moreover, the Defendant’s argument has been rejected by the Tennessee Supreme Court. See Vann, 976 S.W.2d at 117-118 (Appendix); State v. Keen, 926 S.W.2d 727, 742 (Tenn.1994).
B. The death sentence is imposed capriciously and arbitrarily in that
(1) Unlimited discretion is vested in the prosecutor as to whether or not to seek the death penalty. This argument has been rejected. See State v. Hines, 919 S.W.2d 573, 582 (Tenn.1995), cert. denied 519 U.S. 847, 117 S.Ct. 133, 136 L.Ed.2d 82 (1996).
(2) The death penalty is imposed in a discriminatory manner based upon race, geography, and gender. This argument has been rejected. See Hines, 919 S.W.2d at 582; Brimmer, 876 S.W.2d at 87; State v. Cazes, 875 S.W.2d 253, 268 (Tenn.1994), cert. denied 513 U.S. 1086, 115 S.Ct. 743, 130 L.Ed.2d 644 (1995).
(3) Requiring the jury to agree unanimously to a life verdict violates Mills v. Maryland and McKoy v. North Carolina. This argument has been rejected. See Brimmer, 876 S.W.2d at 87; State v. Thompson, 768 S.W.2d 239, 250 (Tenn.1989); State v. King, 718 S.W.2d 241, 249 (Tenn.1986), superseded by statute as recognized by State v. Hutchison, 898 S.W.2d 161 (Tenn.1994).
(4) There is a reasonable likelihood that jurors believe they must unanimously agree as to the existence of mitigating circumstances because of the failure to instruct the jury on the meaning and function of mitigating circumstances. This argument has been rejected. See Thompson, 768 S.W.2d at 251-52.
C. The appellate review process in death penalty cases, including comparative proportionality review, is constitutionally inadequate because the appellate court cannot reweigh proof due to the absence of written findings concerning mitigating circumstances, the information relied upon by the appellate court for comparative review is inadequate and incomplete, and the appellate court’s methodology is flawed. This argument has been rejected. See Cazes, 875 S.W.2d at 270-71; Harris, 839 S.W.2d at 77. Moreover, the Tennessee Supreme Court has held that, “while important as an additional safeguard against arbitrary or capricious sentencing, comparative proportionality review is not constitutionally required.” State v. Bland, 958 S.W.2d 651, 663 (Tenn.1997), cert. denied 523 U.S. 1083, 118 S.Ct. 1536, 140 L.Ed.2d 686 (1998); see Pulley v. Harris, 465 U.S. 37, 50-51, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984) (“There is ... no basis in our cases for holding that comparative proportionality review by an appellate court is required in every case in which the death penalty is imposed and the defendant requests it.”)
X. Indictment Failed to Charge Capital Offense
The Defendant contends that the imposition of the death penalty in this case violated due process of law because the indictment failed to set forth the aggravating circumstances. Relying upon the United States Supreme Court’s decisions in Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), the Defendant states that “[a]ny fact that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt in order to satisfy the Fifth Amendment’s Due Pro *686 cess Clause and the Sixth Amendment’s notice and jury trial guarantees.” The Tennessee Supreme Court recently rejected this argument, stating, “[njeither the United States Constitution nor the Tennessee Constitution requires that the State charge in the indictment the aggravating factors to be relied upon by the State during sentencing in a first-degree murder prosecution.” State v. Dellinger, 79 S.W.3d 458, 467 (Tenn.2002); see State v. Holton, 126 S.W.3d 845, 862-63 (Tenn.2004).
In Dellinger, the Court explained that the capital sentencing scheme in Tennessee is consistent with Apprendi because: (1) the holding in Apprendi applies only to enhancement factors used to impose a sentence above the statutory maximum; (2) the death penalty is within the statutory range of punishment prescribed for first-degree murder by the Tennessee General Assembly; and (3) Tennessee’s capital sentencing procedure requires both that a jury find statutory aggravating circumstances based upon proof beyond a reasonable doubt and that the aggravating circumstances outweigh mitigating circumstances beyond a reasonable doubt. Dellinger, 79 S.W.3d at 466-67. In Holton, the Court addressed whether the holding in Dellinger was correct in light of the United States Supreme Court’s decision in Ring. The Tennessee Supreme Court held that “Ring does not stand for the broad proposition that aggravating circumstances must be charged in the indictment to satisfy constitutional standards .... Therefore, Ring provides no relief to the defendant and does not invalidate this Court’s holding in Dellinger.” Holton, 126 S.W.3d at 863 (citing United States v. Bernard, 299 F.3d 467, 488 (5th Cir.2002); Porter v. Crosby, 840 So.2d 981, 986 (Fla.2003); Terrell v. State, 276 Ga. 34, 572 S.E.2d 595, 602 (Ga.2002)); see State v. Carter, 114 S.W.3d 895, 910 n. 4 (Tenn.2003) (applying Dellinger to reject a claim that Ring requires aggravating circumstances be included in the indictment). Accordingly, the Defendant is not entitled to relief on this issue.
[Deleted: XI. Aggravating Circumstance (i)(5) ]
[Deleted: XII. Aggravating Circumstance (i)(7) ]
[Deleted: XIII. Aggravating Circumstance (i)(2) ]
[Deleted: XIV. Review Pursuant to Tennessee Code Annotated section 39-13-206(c) ]
[Deleted: XV. Conclusion]