# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 11, 2011 Session

## STATE OF TENNESSEE v. JAMES F. MASON

**Direct Appeal from the Circuit Court for Rutherford County**
**No.  F-64108A     David Bragg , Judge**

---

**No. M2010-01350-CCA-R3-CD - Filed March 11, 2011**

---

This is a direct appeal from a guilty plea pursuant to Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure.  The Defendant, James F. Mason, pleaded guilty to possession of methamphetamine with the intent to deliver.  As part of his plea agreement, the Defendant attempted to reserve a certified question of law, challenging the trial court's denial of his motion to suppress the evidence seized during the search of his residence.  Because the Defendant has failed to properly certify his issue for review, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal; Appeal Dismissed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

John W. Price, Murfreesboro, Tennessee, for the appellant, James F. Mason.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William Whitesell, District Attorney General; and Jude Santana, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

The facts are not in dispute.  On February 3, 2009, officers executed a search warrant at the Defendant's residence, 1073 Cranor Road.  Based upon items found during the search, a Rutherford County grand jury indicted the Defendant (along with a co-defendant, Brandi T. Ygleias) for possession of methamphetamine with intent to deliver, possession of drug paraphernalia, possession of marijuana, being a convicted felon in possession of a weapon, and initiating the process to manufacture methamphetamine.

Thereafter, the Defendant filed a motion to suppress the evidence found during the search. The crux of the Defendant's argument was that the affidavit given in support of the warrant was insufficient to establish probable cause. However, the written motion was not clearly stated, framing the issues as follows: (1) the property to be searched is described only as a one story structure with gray siding and red shingles, the property is not owned or occupied by the Defendant, and the charges do not concern any of the property actually seized during the search; (2) the affidavit, which indicates that the search is to be made to recover stolen property, does not refer to or describe the stolen property to be seized; (3) although the affidavit states that the Defendant has been charged with burglary and theft, neither a date of these crimes nor a description of what property was stolen is provided, the fact that the warrants have been issued is no indication of guilt or that the Defendant was in possession of methamphetamine or stolen property, and the Defendant's prior criminal convictions are not connected in the affidavit with the present charges; (4) the results of a prior April 17, 2008 search of the property does not reflect on the current status of the property, and that warrant was issued without probable cause and was signed by a magistrate from another county; (5) a reported fire on the property in August 2008 is not connected in the affidavit with the current alleged possession of stolen property or methamphetamine; (6) the affidavit did not contain sufficient facts to satisfy the two-pronged test of the confidential informant's basis of knowledge and credibility of the informant; and (7) ownership of the burned vehicle on the property was not established, the affiant did not state that he was investigating the theft of a vehicle, and there is no factual link between the burned trash items and the Defendant or that indicates that they were used to manufacture methamphetamine.

After a suppression hearing, the trial court denied the motion to suppress and entered findings of fact and conclusions of law as follows:

A. The affidavit in support of the warrant states that the affiant, due to his information and training, believes that activity on the premises is consistent with the manufacture of methamphetamine. This information is sufficient to provide probable cause that illegal activity has recently occurred or is occurring on the property.

1. The affiant particularly describes piles burning aerosol cans, gas containers and plastic jugs, items consistent with equipment found in a laboratory to manufacture methamphetamine.

2. The affiant gained this information from a confidential informant, and the affiant states no reason for the informant to falsify or fabricate the information provided to the affiant.

-2-

B. The warrant's affidavit provided sufficient information to search the premises of the property described in the warrant and affidavit.

      1. The warrant states the premise to be searched is 1073 Cranor Road.

      2. The warrant specifically states this search includes "all the buildings, outbuildings and vehicles under the control" of the defendants.

      C. The Supreme Court of Tennessee previously held a search warrant which describes the search of a principle [sic] house reasonably included the authorized search of a building "clearly appurtenant to and a part of" the premises. Peters v. State, 215 S.W.2d 822 (Tenn. 1948), citing Seals v. State, 11 S.W.2d 879 (Tenn. 1929).

On May 21, 2010, the Defendant pleaded guilty to possession of methamphetamine with intent to deliver, a Class B felony. See Tenn. Code Ann. § 39-17-417. The remaining charges were dismissed.[1] As part of the plea agreement, the Defendant received a sentence of ten years as a Range I, standard offender, with the Defendant to serve one year followed by ten years of probation. Moreover, as part of the agreement, the Defendant explicitly reserved a certified question of law: "Whether the magistrate had probable cause in the issuance of the search warrant in this case."

The Defendant filed a timely notice of appeal. In his brief on appeal, the Defendant's general argument is again whether the magistrate had probable cause to issue the search warrant. However, the Defendant also mentions such issues as whether there was a sufficient nexus established between the subject property and criminal activity, whether the informant's basis of knowledge or veracity were established, and whether the facts were stale or there was a lack of timeliness. The Defendant then details numerous deficiencies in the facts provided in the affidavit and how those facts fail to corroborate that a crime had been committed or that the proceeds of a crime were present on the subject property. The State argues initially on appeal that the certified question of law is simply too broad and ambiguous for appellate review. We must agree with the State.

---

[1] Based on the Defendant's plea, the charges against his co-defendant were dismissed.

-3-

**Analysis**

The Defendant has attempted to reserve his certified question pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, which provides that a defendant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (i)[T]he judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) [T]he question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

> (iii) [T]he judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

> (iv) [T]he judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

See also State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988).

Additionally, in Preston, our supreme court explicitly provided prerequisites to appellate consideration of a certified question of law under Rule 37(b)(2)(A),[2] stating as follows:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression

---

[2] The Tennessee Rules of Criminal Procedure were amended subsequent to Preston, said changes becoming effective July 1, 2006. See Compiler's Notes, Tenn. R. Crim. P. (2006). As part of this undertaking, numerous sections and/or subparts of various rules were renumbered.

hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Preston, 759 S.W.2d at 650); see also State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996). The Defendant bears the burden of "reserving, articulating, and identifying the issue." Pendergrass, 937 S.W.2d at 838.

The certified question is framed as: "Whether the magistrate had probable cause in the issuance of the search warrant in this case." We must conclude that this overly broad question as reserved violates the mandates announced in Preston.

The Defendant does not expressly identify in the question itself the reasons he believed probable cause to be insufficient. The question as posed does not mention a confidential informant, reliability, staleness, or a sufficient nexus, all of which would presumably be central to the Defendant's claim. As framed, the question is quite non-specific and fails to clearly identify the scope and limits of the legal issue reserved. Moreover, based upon testimony received at the suppression hearing, the trial court ruled on only a few of the issues outlined in the lengthy motion to suppress: the affidavit was sufficient to provide probable cause that illegal activity had recently occurred or was occurring on the property; the officer gained his information from a confidential informant who had no reason to falsify or fabricate information; and the warrant authorized the search of all buildings, outbuildings, and vehicles under the control of the Defendant. Given the various alleged errors pointed out by the Defendant during the course of these proceedings, review of the question as presented would require a dissertation on the complex issue of

probable cause. We are without jurisdiction to review the merits of the Defendant's claim because he has failed to properly reserve his certified question of law.

**Conclusion**

After carefully reviewing the record and the pleadings in this case, we conclude that the Defendant has failed to properly frame his certified question of law. Accordingly, this Court has no jurisdiction to entertain the appeal, and the appeal is dismissed.

_____
DAVID H. WELLES, JUDGE